**John C. NIEMEYER, Appellant,**

v.

**TANA OIL & GAS CORPORATION**
**and Teco Gas Marketing**
**Company, Appellees.**

No. 03–97–00017–CV.

Court of Appeals of Texas,
Austin.

Sept. 18, 1997.

Rehearing Overruled Oct. 16, 1997.

Tom C. McCall, McCall & Ritchie, LLP, Austin, for Appellant.

Paul W. Nye, Chaves, Gonzales & Hoblit, L.L.P., Corpus Christi, for Appellees.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

This is an interlocutory appeal from the denial of an application for a temporary injunction. The cause presents issues regarding dominant trial-court jurisdiction. Because we conclude that the Fayette County district court did not abuse its discretion in refusing to issue the temporary injunction, we will affirm.

## THE CONTROVERSY

Appellant John C. Niemeyer is a royalty owner in Fayette County, Texas. On October 19, 1995, Niemeyer filed his original petition against Tana Oil and Gas Corporation, Fayette County Gathering System, and Aquila Southwest Pipeline Corporation in the Fayette County district court ("the Fayette Court"). TECO Gas Marketing Company was subsequently joined as a party in the Fayette County proceeding. Niemeyer alleged in his suit that Tana, who operated an oil and gas well in which Niemeyer had an interest, had breached contractual and marketing obligations and its duty to act as a reasonably prudent operator in disposing of production from the well. Niemeyer also sought to recover allegedly underpaid royalties for production from the well.

Approximately a year and a half earlier, Tana had settled a similar lawsuit with Niemeyer and other royalty owners and secured a release and settlement agreement from them. Rather than immediately filing an answer to Niemeyer's petition setting up the affirmative defense of release and bar, on November 2, 1995, Tana filed its own original petition against Niemeyer, his attorneys, and the other royalty owners, in a Nueces County district court ("the Nueces Court"). In its petition, Tana sought a declaration from the Nueces Court that the earlier release and settlement agreement filed in the Fayette Court precluded the claims Niemeyer asserted in his Fayette Court suit. Tana also claimed that the filing of the Fayette Court suit breached the terms of the Niemeyer oil and gas lease; asserted a claim for indemnity under the terms of the earlier settlement and release agreement; and alleged that the filing of the Fayette Court suit tortiously interfered with a contract of sale between it and a prospective purchaser. TECO later joined the Nueces Court suit as a plaintiff.

Niemeyer moved the Nueces Court to abate the cause pending before it on the ground that the Fayette Court had dominant jurisdiction because it was the court in which

suit had first been filed. The Nueces Court overruled the plea in abatement and declared that it was the court of dominant jurisdiction because it had jurisdiction over necessary parties. Niemeyer filed a motion for leave to file a petition for writ of mandamus with the Thirteenth Court of Appeals and the Texas Supreme Court, both of which denied leave to file.

Niemeyer then filed an application for a temporary injunction in the Fayette Court, asking the court to enjoin appellees Tana and TECO from litigating their claim in the Nueces Court. The Fayette Court denied the application. Niemeyer appeals the Fayette Court's denial to this Court. In order to preserve our jurisdiction, we enjoined Tana and TECO from proceeding in the Nueces Court during the pendency of this appeal.

## DISCUSSION

By a single point of error, Niemeyer argues that the Fayette Court abused its discretion in denying his application for a temporary injunction because it was the court of dominant jurisdiction since he filed suit in the Fayette Court before Tana filed suit in the Nueces Court.

*Standard of Review*

■■■ This appeal presents an extremely narrow issue: we are asked to review the Fayette Court's denial of Niemeyer's application for a temporary injunction. In general, a temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Brotherhood of Locomotive Eng'rs v. Missouri–Kansas–Texas Ry.*, 363 U.S. 528, 531–32, 80 S.Ct. 1326, 1328–29, 4 L.Ed.2d 1379 (1960), *reh'g denied*, 364 U.S. 854, 81 S.Ct. 31, 5 L.Ed.2d 78 (1960). The decision to grant or deny an application for a temporary writ of injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion. *Walling v.*

*Metcalfe*, 863 S.W.2d 56, 57–58 (Tex.1993); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■■■ To obtain a temporary injunction, the applicant must show a probable right to the relief he seeks and probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). Probable injury is proven by evidence of imminent harm, irreparable injury, and an inadequate legal remedy. *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex.App.—Amarillo 1995, no writ).

*Analysis*

■■■ The general rule in Texas is that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Unless one of three exceptions applies, the second court *must* dismiss a subsequent suit involving the same parties and subject matter upon the filing of a plea in abatement. *Gibbs*, 511 S.W.2d at 267. The three exceptions are (1) when a party's conduct estops him or her from asserting prior active jurisdiction, (2) when necessary parties are not joined in the first suit, or the court lacks the power to bring the parties before it, and (3) when the plaintiff in the first suit does not intend to prosecute it. *Wyatt*, 760 S.W.2d at 248.

Relying on the exception that all necessary parties had not been joined in the Fayette Court proceeding, the Nueces Court overruled Niemeyer's plea in abatement and declared itself the court of dominant jurisdiction.[1]

---

1. The Nueces Court order read:
   ORDERED that this Court has dominant jurisdiction over Cause No. 95–273; *John C. Niemeyer v. Tana Oil and Gas Corporation, Fayette County Gathering System, Aquila Southwest Pipeline Corporation, and TECO Gas Marketing;* In the 155th Judicial District Court, Fayette County, Texas because that suit does not include necessary and indispensable parties Helen Niemeyer, Mabel Schielack, Shirley Hubenak, H.L. Niemeyer and Melvin Niemeyer.
   None of the parties allege that the Nueces Court order enjoins the parties from proceeding in the Fayette Court.

■ Niemeyer takes issue with the Nueces Court's declaration that it is the court of dominant jurisdiction. Appellees, on the other hand, rely on a line of cases which stand for the proposition that when the second court overrules a plea in abatement, that court has dominant jurisdiction of the controversy until its action in overruling the plea in abatement is reversed on appeal. *See, e.g., Johnson v. Avery,* 414 S.W.2d 441 (Tex.1966); *Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221 (1958).

In *Johnson v. Avery,* 414 S.W.2d 441 (Tex. 1966), the Texas Supreme Court considered a conflict of jurisdiction between two Travis County district courts in which similar cases had been filed. After he was sued in the 126th District Court, Johnson filed suit in the 53rd District Court alleging that the plaintiffs in the first suit had fraudulently induced his attorney to delay the filing of his suit in the 53rd District Court. The 53rd District Court overruled a plea in abatement and ordered the parties to proceed to trial on the merits. The 126th District Court subsequently issued a temporary injunction prohibiting Johnson from taking further action in the 53rd District Court. The court of appeals affirmed the injunction.

Noting that Johnson had raised one of the three exceptions to the general rule of dominant jurisdiction, the supreme court dissolved the temporary injunction on the ground that the plea in abatement filed in the second court and the reply thereto raised issues of fact that the second court had jurisdiction to consider. The supreme court held that the second court's decision to overrule the plea in abatement can be reviewed by an appellate court only when a final judgment is rendered in the case, not by means of a temporary injunction filed in the first court.

We also consider *Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221 (1958), in which the Texas Supreme Court declined to issue a writ of mandamus to stay proceedings in the first court in which a cause had been filed until a pending case could be disposed of by a court in which a second proceeding had been filed. The supreme court noted that the reply to the plea in abatement filed in the second court did *not* raise any issue regard-ing one of the three exceptions to the rule that the first court in which a case is filed gets dominant jurisdiction; accordingly, the court held that it would decline to order the trial court in which the proceeding was first filed to stay proceedings because that court had dominant jurisdiction.

Here, the record shows that appellees' response to the plea in abatement Niemeyer filed in the Nueces Court alleged that appellees joined necessary parties who had not been joined in the Fayette proceeding. The record does not contain Niemeyer's response to that assertion. Under *Johnson* and *Wheeler,* appellees' assertion that one of the three exceptions applied is enough to give the Nueces Court jurisdiction to consider its jurisdiction and to either dismiss the appeal or proceed to trial. *See Johnson,* 414 S.W.2d at 443; *Wheeler,* 312 S.W.2d at 229; *see also V.D. Anderson Co. v. Young,* 128 Tex. 631, 101 S.W.2d 798, 801 (1937) (ordering judge of second court to proceed to trial and judge of first court to stay proceedings because plaintiff in second court had raised exception to general rule). We note that appellees' reply to the plea in abatement simply stated that Tana had joined necessary parties who had not been joined in the Fayette Court. It did not allege that the Fayette Court *could not* acquire jurisdiction over those parties. *See, e.g. Wyatt,* 760 S.W.2d 245, 247 (Tex.1988) ("It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues."); *see also Wheeler,* 312 S.W.2d at 229 (issue was whether the second court *could* subject all necessary parties to its jurisdiction). Similarly, the Nueces Court's order stated that it had jurisdiction because the Fayette suit *had not joined*—rather than *could not join*—necessary parties.

However, because appellate courts have on a number of occasions struck down attempts by a district court to enjoin proceedings in another district court, *see Johnson,* 414 S.W.2d at 443, *Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 307 (1956), and *Reynolds, Shannon, Miller, Blinn, White & Cook v. Flanary,* 872 S.W.2d 248, 251 (Tex.

App.—Dallas 1993, no writ), we are unable to say that the trial court abused its discretion in refusing to issue the temporary injunction.

■ Additionally, the applicant for a temporary injunction must prove imminent harm, irreparable injury, and an inadequate legal remedy. *Miller Paper Co.*, 901 S.W.2d at 597. Niemeyer has demonstrated neither irreparable harm nor an inadequate remedy at law.

*Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245 (Tex.1988), involved facts very similar to this case. In *Wyatt*, a home builder filed suit in Duval County against a plumbing contractor for tort and statutory causes of action arising from the construction of a home. The plumbing contractor subsequently filed a separate suit in Nueces County against the home builder and his agent for breach of contract with regard to the home's construction. The Nueces County district court denied the home builder's plea in abatement, and, after a jury trial, rendered judgment against the home builder.

On appeal, the Texas Supreme Court noted that the additional party joined in the Nueces County lawsuit could have been joined in the Duval County proceeding, and held that the Nueces County district court had no discretion to deny the builder's plea in abatement. The supreme court reversed the Nueces County judgment and remanded the cause with instructions to vacate its judgment and abate all proceedings pending final disposition of the Duval County lawsuit. *Wyatt* illustrates that the applicant for a temporary injunction who complains that the court has refused to enjoin parties from proceeding in another court has an adequate remedy at law. *Accord McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984) (temporary injunction will not issue where there is adequate remedy at law); *Johnson*, 414 S.W.2d at 443 (temporary injunction should not issue to prohibit second court from exercising jurisdiction, even if incorrect); *Reynolds*, 872 S.W.2d at 252 (same); *see also Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990) (cost and delay of pursuing an appeal does not entitle petitioner to mandamus relief because he has adequate remedy by appeal).

We are similarly persuaded by *Reynolds*, in which the court of appeals held that the second-in-time trial court erred by granting a motion for temporary injunction because the movant had not demonstrated irreparable harm. 872 S.W.2d at 251. In *Reynolds*, a law firm sued an alleged partner seeking recovery on a partnership note. The alleged partner then sued the law firm in a second court seeking a declaratory judgment that he was not a partner in the law firm and was not liable for the note. The second-in-time court overruled the law firm's plea in abatement and issued a temporary injunction prohibiting the law firm from appearing in any way in the suit it filed in the first court.

The *Reynolds* court noted that the successful applicant for injunctive relief must demonstrate irreparable injury, which is an "injury of such nature that the injured party cannot be adequately compensated [therefor] in damages, or that the damages which result therefrom cannot be measured by any certain pecuniary standard." *Id.* at 251; *see also Canteen Corp. v. Republic of Tex. Properties, Inc.*, 773 S.W.2d 398, 401 (Tex.App.—Dallas 1989, no writ). The court held that "[w]ithout any showing that he would suffer injury consisting of more than the cost and delay of pursuing an appeal," the applicant had not shown that he would suffer irreparable injury absent injunctive relief. *Id.* at 252. Here, as in *Reynolds*, the only injury alleged is the cost and delay of pursuing an appeal. That is not an adequate showing of irreparable injury.

### CONCLUSION

We conclude that the Fayette Court did not abuse its discretion in refusing to issue the temporary injunction. Further, Niemeyer has an adequate remedy by appeal and has not demonstrated irreparable harm. We overrule Niemeyer's single point of error.

We affirm the trial court order. Consequently, we also dissolve our February 14, 1997, stay enjoining Tana and TECO from proceeding in the Nueces County cause during the pendency of this appeal.