# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00123-CV

**Melvin R. Mathis a/k/a Mathis & Associates, Appellant**

**v.**

**Phil Nathanson, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. GN204133, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Melvin Mathis a/k/a Mathis & Associates appeals from the district court's refusal to stay the enforcement of a Colorado judgment against Mathis in favor of appellee Phil Nathanson. We affirm the order of the district court.

Mathis and Nathanson entered into a contract related to mining in Nevada. Mathis and Nathanson then signed a quitclaim deed that conveyed a twenty-five percent interest in the mining property to Nathanson and included an indemnity agreement under which each party indemnified and released the other from liability or claims arising from a prior action pertaining to the property. A dispute arose, leading to arbitration proceedings in Colorado. Mathis attempted to rely on the indemnification clause, but the arbitrator determined that the issue of indemnification was not ripe because Mathis had not yet incurred any liability. In August 2002, the arbitrator entered an award, and in October a Colorado trial court entered judgment on the arbitrator's award in the

amount of $75,450.38.[1] Nathanson then filed this action to domesticate the Colorado judgment. In December, Mathis filed a separate action in Travis County, seeking a declaratory judgment that his liability under the Colorado judgment should be offset by the indemnity clause. Mathis filed a motion in this cause asking the district court to stay the enforcement of the Colorado judgment pending resolution of the indemnity issue, and the district court denied the motion. Mathis appeals, contending the district court abused its discretion by refusing to stay the cause.

Texas must give a final judgment of a sister state the same force and effect to which the judgment would be entitled in the rendering state. U.S. Const. art. IV, § 1; *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001-.008 (West 1997 & Supp. 2004) (Uniform Enforcement of Foreign Judgments Act ("the Act")); *Markham v. Diversified Land & Exploration Co.*, 973 S.W.2d 437, 439 (Tex. App.—Austin 1998, pet. denied). When a judgment creditor introduces an authenticated copy of a foreign judgment, the debtor bears the burden of establishing why the judgment should not be given full faith and credit. *Markham*, 973 S.W.2d at 439; *First Nat'l Bank v. Rector*, 710 S.W.2d 100, 103 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

The Act, as it read when this cause was filed,[2] provides that a trial court *shall* stay the enforcement of a foreign judgment if the debtor (1) shows that he has provided security in the foreign

---

[1] Mathis testified that he raised indemnification during the arbitration, but that Nathanson objected and the arbitrator agreed that the issue was not ripe until losses were established. The record is silent as to whether the indemnity issue was raised before the Colorado court either during the proceeding to convert the arbitrator's award to a judgment or after, such as in a motion for new trial, bill of review, or separate proceeding related to indemnification rights.

[2] Section 35.006 was amended in 2003, effective September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 7.01, 2003 Tex. Gen. Laws 847, 863. This cause was filed before those changes were enacted, and is governed by the original version of the statute. *See id*. § 7.04(a), 2003 Tex. Gen. Laws at 863 (changes apply to judgments filed on or after effective date).

jurisdiction and that an appeal from the judgment is pending or will be taken or that a stay has been granted; or (2) shows a ground on which enforcement of a judgment of this State would be stayed. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3275 (amended in 2003, current version at Tex. Civ. Prac. & Rem. Code Ann. § 35.006 (West Supp. 2004)).

Mathis did not appeal or seek a stay in Colorado, and sought a stay in this cause only under the second provision. Therefore, the issue is whether Mathis showed he would be entitled to a stay if the judgment had been entered in Texas, rather than Colorado. Mathis asserts that he was entitled to an injunction or stay under section 65.011 of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1997) (describing circumstances under which injunction may be granted).

We review a trial court's decision granting or denying an injunction under an abuse of discretion standard. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Brooks v. Expo Chem. Co.*, 576 S.W.2d 369, 370 (Tex. 1979); *Neimeyer v. Tana Oil & Gas Corp.*, 952 S.W.2d 941, 943 (Tex. App.—Austin 1997, no pet.). We may not substitute our judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 532 (Tex. App.—Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Neimeyer*, 952 S.W.2d at 943. We view the evidence in the light most favorable to the trial court's order and indulge all reasonable inferences in its favor to determine whether the order was so arbitrary as to exceed the bounds of reasonable discretion. *See CRC-Evans Pipeline Int'l, Inc. v. Myers*, 927 S.W.2d 259, 262 (Tex.

3

App.—Houston [1st Dist.] 1996, no writ). We will not reverse a trial court's order if the record contains evidence that reasonably supports the decision. *See id.*

An applicant seeking a temporary injunction must show a probable right to recovery and probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968); *Neimeyer*, 952 S.W.2d at 943. Probable injury is shown by evidence of imminent harm, irreparable injury, and an inadequate legal remedy. *Neimeyer*, 952 S.W.2d at 943; *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex. App.—Amarillo 1995, no writ). An irreparable injury is one that cannot adequately be compensated in damages, or for which damages cannot be measured by a definite or usable standard. *Tri-Star Petroleum Co. v. Tipperary Corp.*, 101 S.W.3d 583, 591 (Tex. App.—El Paso 2003, pet. denied); *Texas Indus. Gas*, 828 S.W.2d at 533; *Tom James Co. v. Mendrop*, 819 S.W.2d 251, 253 (Tex. App.—Fort Worth 1991, no writ); *International Harvester Credit Corp. v. Rhoades*, 363 S.W.2d 397, 400 (Tex. Civ. App.—Austin 1962, no writ). A remedy is inadequate if damages cannot be calculated or if the defendant cannot respond in damages. *Texas Indus. Gas*, 828 S.W.2d at 533. The applicant must negate the existence of adequate legal remedies. *Mendrop*, 819 S.W.2d at 253; *Minexa Ariz., Inc. v. Staubauch*, 667 S.W.2d 563, 567 (Tex. App.—Dallas 1984, no writ).

Mathis asserts that he established a probable right to recover on his indemnity argument[3] and will suffer irreparable harm should Nathanson be allowed to enforce the Colorado

---

[3] Mathis argues that he showed he will probably prevail in his declaratory judgment action, but Nathanson argues that Mathis waived his right to rely on the indemnity clause by not raising it before the Colorado court. In arguing he did not waive his right to indemnity, Mathis recites the general rule that an indemnity action does not arise and the statute of limitations does not begin to run until the indemnitee faces liability under a final judgment. *See Conroe Truck & Tractor, Inc.*

4

judgment before the indemnity issue is decided.  Mathis asserts that he will suffer irreparable harm

through the loss of real estate, citing to his testimony that he owns land in Travis County worth about

$150,000 and had "the opportunity to sell it," but will lose that opportunity if the judgment is

enforced.  The district court observed that, even if the property sat dormant while the matter was

heard, if Mathis lost on his declaratory judgment, he could owe Nathanson almost $150,000 once

attorney's fees and costs were added to the original $75,450.38 judgment, stating, "[T]hat [$150,000]

may be a little bit more than a bond you'd get on a stay anyway, but not a whole lot more.  So even

on the equities, I don't find there to be egregious harm to Mr. Mathis if the stay is not granted."  The

district court also stated that it did not believe that section 35.006 was intended for use in such a

situation, but instead was meant to apply in situations in which a party contested the validity of the

foreign judgment.  The district court stated, "It doesn't mean you've lost your rights.  You may be

perfectly entitled to the indemnity.  You may be entitled to get your money back plus attorneys' fees

on the indemnity. . . .  But I don't think that the Civil Practice and Remedies Code—that provision

---

*v. Childs Truck Equip., Inc.*, 723 S.W.2d 207, 208-09 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.); *Serna v. Kingston Ents.*, 72 P.3d 376, 380 (Colo. Ct. App. 2002) (quoting *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 218 (Utah 1984)); *Flatiron Paving Co. v. Great Southwest Fire Ins. Co.*, 812 P.2d 668, 670 (Colo. Ct. App. 1990).  Mathis asserts that such a rule promotes judicial economy by not exposing courts to myriad cases brought prospectively to declare indemnification rights when liability might never be assessed against the indemnitee in the first place.  *See Bendix-Westinghouse Auto. Air Brake Co. v. Latrobe Die Casting Co.*, 427 F. Supp. 34, 38 (D. Colo. 1976).  However, the cited cases involve liable parties seeking indemnification from third parties, *see Conroe Truck & Tractor*, 208-09; *Serna*, 72 S.W.3d at 380; *Flatiron Paving*, 812 P.2d at 670, whereas Mathis seeks indemnification from Nathanson, the party to whom Mathis is liable, not a third party.  Instead of having one Colorado court address Mathis's liability and his indemnification rights against Nathanson and then, should Nathanson ultimately prevail, one Texas enforcement action, here we have one Colorado action addressing only Mathis's liability, two separate actions in Texas, and at least one and probably two appeals, and it is likely that the indemnification action will require Texas courts to apply Colorado law.  We are unpersuaded that this scenario serves the interests of judicial economy in any respect.

5

is there to, you know, stop one lawsuit that is complete, final and unappealable at this point in order to let another one proceed to judgment before anybody can do anything about the first one."

Based on the record before us, Mathis has not shown that the district court acted outside the bounds of reasonable discretion. Because there is no evidence that Mathis ever raised the issue of indemnity before the Colorado courts, the district court could reasonably have believed that whether Mathis waived his right to assert indemnity would be an issue in the declaratory judgment action. Assuming Mathis established a probable right to prevail on his indemnity claim, he has not shown that he stands to suffer irreparable harm or has no adequate legal remedy. That Mathis might be delayed in selling his property or might incur costs to regain the assets collected by Nathanson does not amount to irreparable harm that cannot be compensated by damages. There is no evidence that damages would be unascertainable; on the contrary, damages would be clear should Mathis show himself entitled to indemnity. Neither is there evidence that Nathanson would be unable to repay Mathis. Mathis has not shown that the district court abused its discretion in refusing to stay the execution of the domesticated Colorado judgment pending resolution of Mathis's declaratory judgment action. We affirm the order of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: January 29, 2004