**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-12-00972-CV**

---

**IN RE PAUL SHKEDY, GARY SHKEDY, and WRAPTOR EQUIPMENT, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-05211**

---

## MEMORANDUM OPINION

On October 23, 2012, relators Paul Shkedy, Gary Shkedy, and Wraptor Equipment filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Larry Weiman, presiding judge of the 80th District Court of Harris County, to vacate or modify the temporary injunction signed August 8, 2012.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* Appellate courts must be mindful that the benefits of mandamus review are easily lost by overuse. *Id.* at 138.

An interlocutory order granting a temporary injunction may be appealed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). An aggrieved party's remedy from a temporary injunction is by interlocutory appeal. *Reynolds, Shannon, Miller, Blinn, White & Cook v. Flanary*, 872 S.W.2d 248, 251 (Tex. App.—Dallas 1993, no writ). Where the legislature has created the right to bring an interlocutory appeal, the remedy is adequate. In fact, the remedy by appeal is actually superior to filing a petition for writ of mandamus. Interlocutory appeals lie as of right and must be decided on the merits; mandamus, on the other hand, is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Prudential*, 148 S.W.3d at 138. Therefore, relators are not entitled to mandamus relief because an adequate appellate remedy exists.

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

2