**SWEEZY CONSTRUCTION, INC. and Kent Sweezy, Relators,**

v.

**The Honorable Menton J. MURRAY, Judge of the 103rd Judicial District Court, Willacy County, Texas, Respondent.**

No. 13–95–417–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 16, 1995.

---

Alison Kennamer, Rodriguez, Colvin & Chaney, Brownsville, Norton A. Colvin, Jr., Rodriguez, Colvin & Chaney, Brownsville, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, Ramon Garcia, Edinburg, Rollins M. Koppel, Koppel, Ezell, Powers & Kimball, Harlingen, Homer L. Sanders, Strasburger & Price, Austin, P. Michael Jung, Strasburger & Price, Austin, Shireen Irani Bacon, Austin, for intervenor.

Moses M. Salas, Jr., Harlingen, for relator.

Before DORSEY, YAÑEZ, and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

In this mandamus proceeding, the relators, Sweezy Construction, Inc., and Kent Sweezy, complain that the 103rd District Court in Willacy County wrongfully failed to abate a lawsuit filed against them in that court based on dominant jurisdiction established by a prior lawsuit filed by Sweezy in the 93rd District Court in Hidalgo County. We conditionally grant a writ of mandamus.

Both lawsuits stem from a dispute concerning which of two independent contractors, Sweezy Construction, Inc., or Faulkner Construction Co., had the right to build a new state jail facility in Willacy County, Tex-

as, to be maintained and operated by Wackenhut Corrections Corp. Sweezy alleges that Wackenhut had agreed to designate Sweezy as the building contractor in its proposal to the Cameron/Willacy Counties Community Supervision and Corrections Department (the "Department"), the governmental entity responsible for the jail. However, Faulkner was ultimately named by Wackenhut as the contractor responsible for building the jail.

On October 24, 1994, Sweezy filed in the 93rd District Court of Hidalgo County its original petition and application for temporary injunction against Wackenhut and Faulkner for tortious interference with contract, breach of contract, fraud, and conspiracy to defraud. Sweezy did not ask for damages, but for specific performance of the contract in order to protect its business reputation and the allegedly incalculable value to Sweezy of completing the contract. Sweezy also brought concurrent applications for a temporary injunction and for a temporary restraining order to prevent Wackenhut and Faulkner from continuing construction of the jail in the interim. The trial court signed a temporary restraining order on October 24, 1994, but later denied the application for temporary injunction and dissolved the temporary restraining order on November 2, 1994. Sweezy amended its petition in December 1994, to ask for monetary damages against Wackenhut/Faulkner instead of specific performance of the alleged contract.

Meanwhile, on November 15, 1994, Wackenhut/Faulkner filed their original petition against Sweezy in the 103rd District Court of Willacy County for wrongful issuance of injunction, tortious interference with contracts, and declaratory judgment.[1] Wackenhut/Faulkner alleged that they had no contract with Sweezy for the construction of the jail, and that the State of Texas alone had the authority to select the general contractor who would build the new jail facility. Accordingly, Wackenhut/Faulkner complained that Sweezy's procurement of the temporary restraining order was wrongful. In addition,

Wackenhut/Faulkner asked for a declaratory judgment that Sweezy was not entitled to claim damages for breach of contract or other tortious conduct regarding the construction of the jail. Sweezy promptly answered and objected to the jurisdiction of the Willacy Court on grounds of dominant jurisdiction in the Hidalgo Court. Wackenhut/Faulkner then amended their petition on August 28, 1995, in an attempt to join the Department and the State of Texas as involuntary plaintiffs, though Wackenhut/Faulkner still sought essentially the same relief against Sweezy alone. The Willacy Court ultimately heard and denied Sweezy's plea in abatement, on the basis of which Sweezy brings the present mandamus proceeding.

### Adequacy of the Appellate Remedy

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Although appeal is ordinarily an adequate remedy to review incidental rulings on such matters as special appearance and plea in abatement, an exception exists when the trial court's order demonstrates such disregard for guiding principles of law that the harm to the defendant becomes irreparable. *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 771 (Tex.1995); *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 308 (Tex.1994). Specifically, within the context of dominant jurisdiction, we generally do not review by mandamus the refusal of a trial court to abate an action based on the pendency of another action, which can be adequately reviewed on appeal, unless the courts directly interfere with each other by issuing conflicting orders or injunctions. *Hall v. Lawlis*, 38 Tex.Sup.Ct.J. 882, 907 S.W.2d 493 (1995); *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985); *see also Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex.1991).

In the present case, the Hidalgo Court has already issued a temporary re-

---

1. Wackenhut/Faulkner had on October 31, 1994, initially filed actions for tortious interference and wrongful injunction as counterclaims in answer to the Hidalgo County lawsuit, but later chose to assert the same claims as a separate lawsuit in Willacy County.

straining order asserting jurisdiction and power over the underlying question of which contractor has the right to build the jail facility. Though that order was subsequently dissolved, the substance of the second lawsuit involves a challenge to the authority of the Hidalgo Court to have issued such an order. The Willacy Court's denial of Sweezy's plea in abatement shows its own assumption of the authority to judge the propriety of the Hidalgo Court's orders in a lawsuit still pending in Hidalgo County. Accordingly, we believe that the orders and rulings of the two courts have already presented a sufficient conflict to justify mandamus relief.

### Dominant Jurisdiction Generally

■ Generally, if two lawsuits concerning the same controversy and parties are pending in courts of coordinate jurisdiction, the court in which suit was first filed acquires dominant jurisdiction to the exclusion of the other court. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *V.D. Anderson Co. v. Young,* 101 S.W.2d 798, 800 (Tex.1937); *Cleveland v. Ward,* 285 S.W. 1063, 1070 (Tex.1926); *Hartley v. Coker,* 843 S.W.2d 743, 746 (Tex.App.—Corpus Christi 1992, no writ). Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Wyatt,* 760 S.W.2d at 248; *Hartley,* 843 S.W.2d at 746. If a party calls the second court's attention to the pendency of the first suit by a plea in abatement, that court must sustain the plea. *Curtis,* 511 S.W.2d at 267; *Howell v. Mauzy,* 899 S.W.2d 690, 697 (Tex.App.—Austin 1994, no writ).

■ Accordingly, when an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. In determining whether an inherent interrelationship exists, courts should be guided by the rules governing joinder of necessary parties and compulsory counterclaims. *Wyatt,* 760 S.W.2d at 247; *Hartley,* 843 S.W.2d at 746–47; *See* Tex.R.Civ.P. 39, 97(a).

It appears to us beyond dispute that Wackenhut/Faulkner's claims for tortious interference and declaratory judgment are inherently interrelated to the lawsuit filed by Sweezy for breach of the alleged contract that underlies all claims except the one for wrongful injunction. However, Wackenhut/Faulkner argues that their claim for wrongful injunction is not a compulsory counterclaim to the Hidalgo County lawsuit and may be maintained separately in Willacy County.

■ A person who obtains an injunction wrongfully is liable for damages caused by issuance of the injunction. There are two separate causes of action for wrongful injunction, one upon the bond ordinarily filed to obtain the injunction, and the other for malicious prosecution. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 685 (Tex.1990).

■ To prevail upon a cause of action for malicious prosecution, the claimant must prove that the injunction suit was prosecuted maliciously and without probable cause, and was terminated in his favor. *DeSantis,* 793 S.W.2d at 686; *see also James v. Brown,* 637 S.W.2d 914, 918 (Tex.1982). Accordingly, unless it is brought as a counterclaim in the same lawsuit in which the injunction issued, a separately-filed lawsuit for wrongful injunction presumes that the first lawsuit has already terminated in favor of the party claiming that the injunction was wrongful. *See DeSantis,* 793 S.W.2d at 686; *Payne v. Nichols,* 176 S.W.2d 961 (Tex.Civ.App.—Galveston 1943, writ ref'd w.o.m.); *Sanitary Appliance Co. v. French,* 58 S.W.2d 159, 162 (Tex.Civ.App.—Amarillo 1933, writ dism'd).

■ While the first lawsuit remains pending, however, the court having issued the injunction, and which still retains power to issue or refuse further interlocutory relief of that nature, remains the proper forum in which to challenge the propriety of that injunction. An issue concerning the wrongfulness of that injunction is thus inherently interrelated to the underlying injunction proceeding such that both should properly be considered by the same court. It would be inconsistent with the principles of comity for a second court by a separate malicious prose-

cution action to indirectly judge the propriety of the first court's interlocutory orders while the first court still retains jurisdiction over the underlying lawsuit as a whole.

The court in which a matter is presently pending is ordinarily in the best position to determine ancillary matters relating to the prosecution of that lawsuit. *Cf. Ramirez v. Lagunes,* 794 S.W.2d 501, 505 (Tex.App.— Corpus Christi 1990, no writ) (the court having jurisdiction over the main proceeding has exclusive jurisdiction to grant discovery relief).

■ Accordingly, we conclude that Wackenhut/Faulkner's claim for wrongful injunction is, like their other claims, inherently interrelated to Sweezy's lawsuit in Hidalgo County.

### Exceptions to First–Filed Rule

■ Wackenhut/Faulkner argue in the alternative that their lawsuit falls with the exceptions to the ordinary rule that dominant jurisdiction attaches in the court where the first lawsuit is filed. The following three exceptions to first-filed rule apply to defeat dominant jurisdiction in the first court when: 1) the party seeking abatement is by his conduct estopped from asserting the first court's jurisdiction; 2) all persons cannot be joined in the first court, or the first court does not have the power to bring such parties before the court; or 3) the parties in the first court lack intent to prosecute that action. *See Wyatt,* 760 S.W.2d at 248; *Curtis,* 511 S.W.2d at 267; *Howell,* 899 S.W.2d at 698; *Hartley,* 843 S.W.2d at 747.

■ Wackenhut argues that Sweezy was estopped from claiming dominant jurisdiction in Hidalgo County because of its inequitable conduct before that court. Specifically, Wackenhut argues that Sweezy misrepresented to the Hidalgo Court the nature of Wackenhut's contract with the Department. Although Sweezy alleged in its petition that Wackenhut had been awarded the contract to construct the jail, Sweezy allegedly knew that the Department had contracted with Wackenhut only to manage and operate the jail, and had already awarded the construction contract to Faulkner.

The general rule does not apply where a party is guilty of such conduct relating to the matter as to estop himself from asserting the prior active jurisdiction of a court in which a suit is first filed over another court in which a suit is subsequently filed involving the same subject matter. *Johnson v. Avery,* 414 S.W.2d 441, 443 (Tex.1966); *V.D. Anderson,* 101 S.W.2d at 800; *Grimes v. Harris,* 695 S.W.2d 648, 651 (Tex.App.—Dallas 1985, orig. proceeding).

■ Accordingly, a party may be estopped from raising the dominant jurisdiction of a prior action by a variety of conduct, including: his affirmative representation to the second court that it has jurisdiction, *See Howell,* 899 S.W.2d at 698, his failure to raise a plea in abatement in a timely manner, *See Wyatt,* 760 S.W.2d at 248; *Howell,* 899 S.W.2d at 698, or by sitting in silence while sister courts issue conflicting orders regarding the same subject matter. *Grimes,* 695 S.W.2d at 651–52.

■ However, the present allegations of misrepresentation, although they go to the very heart of the present controversy between Sweezy and Wackenhut, have nothing to do with the choice of forum. We believe that the type of misconduct necessary to invoke as an exception to the general rule of dominant jurisdiction must in some manner involve or circumvent the choice of forum, and not merely go to the merits of the underlying lawsuit. There is no indication in the present case that Sweezy made the allegedly false claims specifically in order to obtain venue of the present lawsuit in Hidalgo County. Nor is there any indication that the Hidalgo Court and the Willacy Court were kept ignorant of the proceedings taking place in the other court.

■ With regard to the joinder of necessary parties, Wackenhut complains that the Department and the State of Texas, as the governmental entities jointly contracting for the construction of the jail, were not joined as necessary parties to the Hidalgo County lawsuit. It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be

amended to bring in all necessary and proper parties and issues. *Wyatt,* 760 S.W.2d at 247; *Hartley,* 843 S.W.2d at 746–47.

 Our focus in connection with the plea in abatement is whether the parties in the second lawsuit were either present in the first lawsuit or could have been joined there. *See Wyatt,* 760 S.W.2d at 247–48; *Dallas Fire Ins. Co. v. Davis,* 893 S.W.2d 288, 294 (Tex.App.—Fort Worth 1995, orig. proceeding).

 In the present case, it is clear from their pleadings that the lawsuit filed by Wackenhut/Faulkner in Willacy County is solely against Sweezy and does not require the presence of these governmental entities as "involuntary plaintiffs" in order for Wackenhut/Faulkner to obtain all the relief that they have requested by their petitions. Accordingly, there is no barrier to the trial of Wackenhut/Faulkner's claims in Hidalgo County.

With regard to the last exception regarding Sweezy's alleged lack of intent to prosecute the first action, although the nature of relief sought has changed from specific performance to damages, Sweezy has shown no lack of diligence in the prosecution of its lawsuit in Hidalgo County, nor has Wackenhut/Faulkner shown any evidence that Sweezy does not intend to prosecute to final judgment the present lawsuit concerning the contract and tort claims at issue between the parties.

Because Sweezy filed suit first in Hidalgo County, and none of the exceptions apply, we hold that the Hidalgo Court acquired dominant jurisdiction of this matter and that the Willacy Court abused its discretion in failing to abate the subsequently-filed lawsuit.

Accordingly, we conditionally grant a writ of mandamus ordering the 103rd District Court in Willacy County to abate the underlying lawsuit pending disposition of the Hidalgo County lawsuit. However, the writ will not issue unless the trial court fails to comply with the opinion of this Court.