In re Tom C. McCALL, Britton D. Monts, David B. McCall, John C. Niemeyer, Helen Niemeyer, Mabel Schielack, Shirley Hubenak, H.L. Niemeyer and Melvin Niemeyer.

No. 13–97–923–CV.

Court of Appeals of Texas, Corpus Christi.

April 23, 1998.

Tom C. McCall, David B. McCall, McCall & Ritche, Austin, Britton D. Monts, Dallas, for Relators.

R.Clay Hoblit, Paul W. Nye, Chaves, Gonzales & Hoblit, Christopher Andres Bandas, Chaves Gonzales & Hoblit LLP, Corpus Christi, for Real Parties in Interest.

Before FEDERICO G. HINOJOSA, Jr., YANEZ and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

RODRIGUEZ, Justice.

On the real parties'-in-interest motion for rehearing, our opinion issued February 19, 1998 is withdrawn and this opinion substituted therefor. Relators filed a petition for writ of mandamus in which they requested this Court to direct the Respondent, the Honorable Jack Hunter, presiding judge of the 94th Judicial District Court of Nueces County, Texas, to rescind a sanctions order and to grant Relators' plea in abatement based on the theory of dominant jurisdiction. Relators also asked that we stay further proceedings in the trial court pending resolution of their request for mandamus relief. On January 2, 1998, this Court ordered the proceedings stayed, requested a response from the real parties-in-interest, and set the matter for oral argument.

The following events are relevant:

1993 The Niemeyers[1] file suit in Fayette County against Tana Oil and Gas, TECO Gas Marketing Company, and Robert B. Rowling, the real parties-in-interest here.

Apr. 1994 The 1993 Fayette County suit settles.

10–19–95 John Niemeyer files a second suit in Fayette County against Tana, TECO and Rowling. Niemeyer is represented by Tom McCall and David McCall. The other Niemeyer Relators are not named as plaintiffs.

11–02–95 Tana files a declaratory judgment suit in Nueces County against the Niemeyer Relators and the McCall attorneys.

11–07–95 Tana sells 74% of its interest in the Niemeyer well. On November 9, Tana sells the remaining 26% of its interest. Relators allege Tana received full purchase price for its interest in the well.

Jan.1996 Tana adds Robert B. Rowling as plaintiff in the Nueces County suit.

Mar.1996 Tana files second amended petition. Additional basis for suit: abuse of process; request for an accounting. Tana requests millions of dollars in damages against attorney McCall.

05–03–96 Judge Dan R. Beck (Fayette County) denies Tana's motion to transfer venue to Nueces County.

07–25–96 Respondent denies Relators' motion to transfer venue to Fayette County.

10–10–96 Tana files counterclaim against J. Niemeyer in the Fayette County suit. Basis for suit: (1) breach of the release and settlement agreement and (2) a request for specific performance.

Oct.1996 J. Niemeyer files request for temporary injunction in Fayette County, seeking to have the Fayette County court enjoin Tana from proceeding in the Nueces County suit.

11–07–96 Respondent denies Relators' plea in abatement, concluding J. Niemeyer's Fayette county suit did not include necessary and indispensable parties, i.e., the remaining Niemeyer Relators. Respondent declares Nueces County to be the court of dominant jurisdiction.

---

1. Helen Niemeyer, Mabel Schielack, Shirley Hubenak, H.L. Niemeyer, Melvin Niemeyer, and John C. Niemeyer will be collectively referred to the Niemeyers or the Niemeyer Relators.

01–31–97 Judge Beck denies J. Niemeyer's request for temporary injunction precluding Tana from proceeding in Nueces County.

02–13–97 J. Niemeyer and Melvin Niemeyer, as removing parties, file a notice of removal to federal court of the Nueces County suit. Removal petition signed by Britton Monts. With Tom McCall, Monts is attorney for all Niemeyers. Monts is also David McCall's attorney. The removal notice alleged the Niemeyer Relators and the McCall attorneys had been fraudulently joined by Tana to prevent removal to federal court. They also alleged the fraudulent joinder was not discovered earlier because Tana had objected to discovery. Not until February 3, 1997 did Tana admit it had no evidence of wrongdoing by the elder Niemeyers.

02–14–97 After J. Niemeyer perfects an appeal from the denial of the temporary injunction, the Third Court of Appeals issues writ of injunction enjoining Tana from prosecuting the Nueces County suit.

02–14–97 Federal court orders remand based on failure to remove within one year, (see 28 U.S.C. § 1446(b)), but concedes the Fifth Circuit has not addressed the issue of whether the one year limit applies where a plaintiff actively resists discovery of facts which would establish federal jurisdiction.

Feb.1997 Tana files a motion to abate the Fayette County proceeding.

09–18–97 Third Court of Appeals affirms Fayette County order denying J. Niemeyer's request for temporary injunction.

10–24–97 Relators file second plea in abatement in the Nueces County proceeding in which they consent to being joined in the Fayette County suit.

12–12–97 Respondent again denies Relators' plea in abatement and further, sanctions Relators, jointly and severally, $25,000 for filing the notice of removal. Respondent orders the sanction to be paid within 30 days (on or before January 12, 1998).

Dec.1997 Relators file written objections to the sanction order or alternatively, a request for findings of fact and conclusions. Respondent has not acted on either request.

**Abatement Due to Dominant Jurisdiction**

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding) (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig.proceeding)). Because mandamus is intended to be an extraordinary remedy, it is available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989).

■ The general rule in Texas is that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Unless one of three exceptions applies, the second court must dismiss a subsequent suit involving the same parties and subject matter upon the filing of a plea in abatement. *Gibbs*, 511 S.W.2d at 267. The three exceptions are (1) when a party's conduct estops him or her from asserting prior active jurisdiction, (2) when necessary parties are not joined in the first suit, or the court lacks the power to bring the parties before it, or (3) when the plaintiff in the first suit does not intend to prosecute it. *Wyatt*, 760 S.W.2d at 248. Only the application of the second exception is implicated here.

■ The supreme court held in Wyatt that "as long as the forum is a proper one, it is the plaintiff's privilege to choose the forum. Defendants are simply not at liberty to decline to do battle in the forum chosen by the plaintiff." *Id.* [citations omitted]. The supreme court's holding is significant as applied to the present case because there, as here, the argument was raised that the plaintiff in the first suit did not join all necessary parties; thus it was not incumbent upon the

trial court to abate the second filed proceeding. In finding the trial court abused its discretion by denying Wyatt's plea in abatement, the supreme court stated:

In the case at bar, both lawsuits involve the same issues. Moreover, the parties in the second suit were either present in the first suit, or parties who should have been joined in the first suit. Since venue was proper in either Duval, Harris, or Nueces County, the court where suit was first filed, Duval County, acquired dominant jurisdiction. The Nueces County district court, therefore, had no discretion to deny Wyatt's plea in abatement.

*Wyatt*, 760 S.W.2d at 248. Tana never objected to the lack of indispensable parties in the Fayette County suit, nor did it move to join any such parties; it has never contended the Niemeyer Relators cannot be joined in Fayette County. Relying on *Wyatt*, we conclude Respondent abused his discretion in failing to grant Relators' plea in abatement.

We are persuaded this is the proper conclusion due in part to the content of Respondent's order denying Relators' motion to abate. Not only did he deny the abatement, Respondent also found as follows:

this Court has dominant jurisdiction over [the Fayette County suit] because that suit does not include necessary and indispensable parties Helen Niemeyer, Mabel Shielack, Shirely Hubenak, H.L. Niemeyer and Melvin Niemeyer.

We have reviewed the pleadings in both the Fayette County suit and the Nueces County suit and conclude Helen Niemeyer, Mabel Shielack, Shirely Hubenak, H.L. Niemeyer and Melvin Niemeyer are not necessary and indispensable parties.

J. Niemeyer's petition in Fayette County complains of Tana's failure to account and pass on to Niemeyer his full share of benefits or payments which allegedly have been and are being covertly paid to Tana. His claim relates to payments from May 1994 forward, i.e. after the date of the 1993 settlement agreement. Niemeyer alleges causes of action for breach of contract, breach of implied covenant, tortious interference, and conspiracy. He also asks for an accounting and a declaration that his interest is not subject to post production expenses and that he is entitled to be paid royalties on gas used as compressor fuel at the well. There is no issue raised regarding the percentage of his royalty interest.

Tana's suit in Nueces County is a declaratory judgment action in which Tana requests a declaration that the release and settlement agreement (1) releases Tana from paying any additional damages regarding improper marketing of oil and gas production, (2) discharges Tana from the allegations made in the Fayette County suit, (3) is a binding contract that precludes Niemeyer from pursuing the Fayette County litigation, and (4) requires Niemeyer to indemnify Tana for any and all damages, attorney's fees, and other expenses incurred by Tana as a result of the filing of the Fayette County suit. Tana also asserts causes of action for tortious interference with a contract and a prospective business advantage (the sale of its interest in the Niemeyer well), breach of contract, breach of the release and settlement agreement, conspiracy, and abuse of process. Tana requests specific performance of the indemnity provision of the release, an equitable accounting, and attorney's fees.

Based on the allegations in the parties' petitions, it appears to us beyond dispute that Tana's claims in Nueces County for tortious interference and declaratory judgment are inherently related to J. Niemeyer's Fayette County suit. Moreover, we conclude that the court in which a release and settlement agreement was executed is in the best position to determine the effect of that agreement on any subsequently filed suit. See *Sweezy Constr., Inc. v. Murray*, 915 S.W.2d 527, 532 (Tex.App.—Corpus Christi 1995, orig. proceeding). Merely because the suits are interrelated, however, does not require the joinder in Fayette County of the other Niemeyer Relators.

J. Niemeyer's suit in Fayette County is not a suit to declare a percentage interest of royalties owed. The percentage of royalty owed was established in the 1993 release and settlement agreement. Rather, Niemeyer is complaining Tana is not paying him the full amount of that interest. The other Niemey-

er royalty owners' interests in the production from the Niemeyer well are not in any manner implicated by the Fayette County suit. J. Niemeyer was the only Niemeyer Relator to file suit in Fayette County. Thus, any claims Tana may have concerning breach of the settlement agreement, or tortious interference with a business advantage as a result of J. Niemeyer's filing of the Fayette County suit pertain only to J. Niemeyer, not the remaining Niemeyer Relators.

Because the remaining Niemeyer Relators are not indispensible parties in the Fayette County suit, Respondent abused his discretion in asserting dominant jurisdiction on that basis.

█ Finding an abuse of discretion, however, does not terminate our inquiry. In order to determine whether the writ should issue, we must further decide whether Relators have an adequate remedy by appeal. *Walker*, 827 S.W.2d at 840.

Questions of dominant jurisdiction can generally be reviewed adequately by appeal when both courts proceed with their separate actions without attempting to hinder the other court's jurisdiction. *Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex.1995) (orig.proceeding) (court refused to review trial court's denial of abatement because the two courts were not directly interfering with each other); see also *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (orig.proceeding) (plea in abatement is incidental ruling for which appellate courts lack jurisdiction to correct when there is an adequate remedy by appeal). Relators acknowledge this authority, but, relying on our recent decision in *Sweezy*, 915 S.W.2d at 530–31, contend the two courts have taken positions that are in direct conflict with each other, thus necessitating our intervention by mandamus.

In *Sweezy*, the relators, Sweezy Construction Company and Kent Sweezy ("Sweezy"), complained the 103rd District Court in Willacy County wrongfully failed to abate a lawsuit filed against them in that court based on dominant jurisdiction established by a prior lawsuit filed by Sweezy in the 93rd District Court in Hidalgo County. Both lawsuits stemmed from a dispute concerning which of two independent contractors, Sweezy or

Faulkner Construction Company, had the right to build a new state jail facility in Willacy County, Texas, to be maintained and operated by Wackenhut Corrections Corporation.

Sweezy filed his original petition in Hidalgo County for tortious interference with contract and breach of contract; he also requested a temporary injunction to prevent Wackenhut and Faulkner from continuing construction of the jail during the pendency of the suit. The trial court signed a temporary restraining order, but later denied the application for temporary injunction and dissolved the temporary restraining order. In the interim, Wackenhut and Faulkner filed suit in Willacy County for wrongful issuance of injunction, tortious interference with contracts, and declaratory judgment. Sweezy answered the Willacy County suit and objected to the jurisdiction of that court because of the dominant jurisdiction of the Hidalgo County District Court. The Willacy Court ultimately heard and denied Sweezy's plea in abatement.

We granted Sweezy's request for mandamus, holding that,

> [i]n the present case, the Hidalgo Court has already issued a temporary restraining order asserting jurisdiction and power over the underlying question of which contractor has the right to build the jail facility. Though that order was subsequently dissolved, the substance of the second lawsuit involves a challenge to the authority of the Hidalgo Court to have issued such an order. The Willacy Court's denial of Sweezy's plea in abatement shows its own assumption of the authority to judge the propriety of the Hidalgo Court's orders in a lawsuit still pending in Hidalgo County. Accordingly, we believe that the orders and rulings of the two courts have already presented a sufficient conflict to justify mandamus relief.

*Sweezy*, 915 S.W.2d at 530–31.

Respondent's denial of Relators' plea in abatement, and his finding that his court has dominant jurisdiction over the Fayette County suit, shows his assumption of authority to determine both the effect of a release and

settlement agreement executed to conclude a lawsuit then pending in Fayette County upon a subsequent lawsuit, also filed in Fayette County, and, more importantly, the propriety of J. Niemeyer's claims against Tana.

Conflict between the two courts is further evidenced by these courts' actions with respect to motions for summary judgment filed by Tana. After Judge Beck denied the motion filed in Fayette County, Tana filed a nearly identical motion in Nueces County. But for our stay order, Respondent would have proceeded to determine the merits of this motion. Thus, even though Judge Beck determined Tana's motion for summary judgment lacked merit, Respondent intended to undertake a review of the same arguments that were denied by Judge Beck to determine Tana's liability to J. Niemeyer in the Fayette County suit. Pursuant to our holding in *Sweezy*, we conclude Respondent's actions present a conflict sufficient to justify mandamus relief. *Id.*

Our focus in connection with the plea in abatement is whether the parties in the second lawsuit were either present in the first lawsuit or **could have been** joined there. *Sweezy*, 915 S.W.2d at 532–33. We find significant the fact Tana never objected to the lack of indispensable parties in the Fayette County suit, nor did it move to join any such parties. Relators have filed their consent to being joined as parties in the Fayette County suit and the McCall attorneys have stated they will accept service of process. There is absolutely no barrier to the trial of Tana's claims in Fayette County.

We find support for this conclusion in the related case of *Niemeyer v. Tana Oil & Gas Corp.*, 952 S.W.2d 941 (Tex.App.—Austin 1997, no writ), in which the Austin Court of Appeals was asked to determine whether Judge Beck abused his discretion in not granting a temporary injunction preventing Tana from proceeding in Nueces County. In that case, the court noted:

appellees' reply to the plea in abatement simply stated that Tana had joined necessary parties [in Nueces County] who had not been joined in the Fayette Court. It did not allege that the Fayette Court **could not** acquire jurisdiction over those

parties. Similarly, the Nueces Court's order stated that it had jurisdiction because the Fayette suit **had not joined**—rather than **could not join**—necessary parties." *Niemeyer*, 952 S.W.2d at 944 (emphasis in orig.) [citations omitted].

Because J. Niemeyer filed suit first in Fayette County and none of the exceptions to dominant jurisdiction apply, we hold the Fayette County court acquired dominant jurisdiction of this matter and Respondent abused his discretion in failing to abate the subsequently filed suit in Nueces County.

Accordingly, we conditionally grant a writ of mandamus ordering Respondent to abate the underlying suit pending disposition of the Fayette County suit. However, the writ will not issue unless Respondent fails to comply with the opinion of this Court. Our order of January 2, 1998 granting an emergency stay of the Nueces County proceedings is now moot and it is withdrawn.

**Imposition of Monetary Sanctions**

 The imposition of monetary sanctions is reviewable on appeal from a final judgment and, for that reason, is not ordinarily subject to mandamus. *Tjernagel v. Roberts*, 928 S.W.2d 297, 303 (Tex.App.—Amarillo 1996, orig. proceeding) (citing *Susman Godfrey L.L.P. v. Marshall*, 832 S.W.2d 105, 108 (Tex.App.—Dallas 1992, orig. proceeding)). However, where the party's ability to present a viable claim or defense is vitiated or severely compromised, an appellate remedy may be inadequate. *Walker*, 827 S.W.2d at 843. Mandamus is a proper vehicle for review where the monetary sanction is so severe it threatens a party's continuation of litigation. Appeal is an adequate remedy "only if payment of the sanction is deferred until final judgment when the party can supersede the judgment and perfect an appeal." *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991) (orig.proceeding).

 In the instant case, the McCall attorneys and the Niemeyer Relators contend Respondent's monetary sanction is so severe it threatens the continuation of the litigation, and they so stated to Respondent. Under these circumstances, "the district judge must either

(1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or

(2) make express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.

The above procedure allows the trial court to levy some monetary sanctions during pretrial proceedings but requires that payment of more severe sanctions be deferred until an appealable judgment is rendered." *Braden,* 811 S.W.2d at 929; see also *In re Braden,* 960 S.W.2d 834, 837–38 (Tex.App.—El Paso, 1997, orig. proceeding). Relators specifically asked Respondent to suspend imposition of the sanction, but Respondent declined to do so.

Subject to this Court's stay of the underlying proceeding, on January 23, 1998, Respondent is to hear a motion for summary judgment filed by the real parties-in-interest. The order imposing sanctions provided that the $25,000 be paid to the real parties-in-interest within thirty days of December 12, 1997, which is a time prior to the summary judgment hearing. Respondent did not make express written findings as to why the sanction does not have a preclusive effect. Thus, Respondent's order failed to comply with either procedure set out by the supreme court in Braden.

We conditionally GRANT Relators' petition for writ of mandamus with respect to payment of the $25,000 sanction. We are confident Respondent will comply with this order, therefore, writ will not issue unless he fails to modify his order of December 12, 1997, by providing the $25,000 sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation.

**The Real Parties'–in–Interest Request for Sanctions**

The real parties-in-interest filed a response to Relators' petition for mandamus, in which they request that this Court impose sanctions upon Relators for their failure to inform this Court regarding previous mandamuses and an appeal filed relating to this case. Contrary to the real parties'-in-interest statements, we have reviewed Relators'

petition for mandamus and find several references to other related proceedings. Accordingly, the motion for sanctions is DENIED.