NUMBER 13-00-452-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________



IN RE: GUERRA & MOORE, L.L.P., ET AL.
 


___________________________________________________________________


On Petition for Writ of Mandamus.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez


 



 Relators, Guerra & Moore, L.L.P., Carlos L. Guerra and J. Michael
Moore (Guerra & Moore), seek a writ of mandamus from this Court
directing respondent, Honorable Fernando Mancias, to rescind a
temporary restraining order(1) that restricted disbursement of disputed
attorneys fees, and to grant Guerra & Moore's plea in abatement based
on the theory of dominant jurisdiction.(2) Alternately, Guerra & Moore
requested we stay further proceedings in the trial court pending
resolution of their request for mandamus relief. By supplemental motion
for emergency temporary relief filed on July 18, 2000, Guerra & Moore
informed this Court that on July 17, 2000, Judge Mancias had issued,
ex parte, a writ of attachment transferring $891,000 from the Starr
County District Clerk's office to the Hidalgo County Clerk's office. On
July 18, 2000, this Court ordered the proceedings in Hidalgo County
stayed, and requested a response. The matter was set for oral
argument. Subsequently, by supplemental petition, Guerra & Moore
requested that this Court also address, by way of mandamus, an ex
parte order also entered by Judge Mancias on July 17, 2000, that
released to the real party in interest, Mark Cantu, $891,000 from the
Hidalgo County Clerk's office.

 The following events are relevant:

1998 A multiple plaintiff personal injury lawsuit was
filed in the 229th Judicial District Court of Starr
County, Texas, as cause no. DC-98-94, styled
Rolando Rey Lopez, Individually, et. al. vs. Wal-Mart Stores, Inc., Lasko Metal Products, Inc.

5/15/98 Relator, Michael Moore, and real party-in-interest,
Mark Cantu, among others, agreed to represent
the injured parties and divide the 40% contingent
attorneys fees paid by the clients.(3)

6/12/00 Settlement was reached in the Lopez suit and,
pursuant to a Starr County Court order, settlement
monies were placed in the Lopez-Aguilera-Medina-Correa Qualified Settlement Fund.

6/16/00 Guerra & Moore filed a motion in Starr County for
partial distribution of attorneys fees, and
reimbursement of costs and client advances from
the qualified settlement fund, alleging that a
dispute had arisen as to whether Cantu was owed
any fees whatsoever in the Lopez lawsuit.

6/16/00 The Starr County Court issued an ex parte order
that ordered partial distribution of monies from the
qualified settlement fund in the amount of
$1,399,128.80, to Guerra & Moore for Guerra &
Moore's attorneys fees, and for reimbursement of
costs and client advances. The court also ordered
settlement funds in the amount of $1,122,339.20
allegedly owed to Cantu for fees ($891,000), costs
($218,102.80), and client advances ($13,236.49),
to be paid into the registry of the 229th Judicial
District Court of Starr County, Texas.

6/19/00 Guerra & Moore filed a petition in
interpleader/intervention in the Starr County
lawsuit against Cantu for equitable recission and
alternatively, for breach of contract, contract in
violation of public policy, tortious interference with
contractual relations and defamation.


6/26/00 Cantu filed a motion in Starr County requesting
that the court grant his motion to withdraw funds
from the registry of the court for his attorneys
fees, and to reimburse his costs and client
advances.

6/27/00 Cantu filed a motion in Starr County to dismiss the
interpleader and to strike the intervention actions.

6/29/00 The Starr County Court ordered a portion of the
funds that had been placed in the court's registry
representing costs of $281,102.80 and client
advances of $13,236.49, to be paid to Cantu. 
There remained a balance of $189,000, the
amount Cantu claimed as attorneys fees, in the
court's registry.


6/30/00 Cantu filed a lawsuit in the 93rd Judicial District
Court of Hidalgo County, Texas, suing Guerra &
Moore for breach of fiduciary duties,
misapplication of fiduciary property, conversion,
fraud, tortuous interference with an economic
relationship, and breach of contract arising out of
alleged contractual agreements with Guerra &
Moore.


7/1/00 Cantu filed a petition in Hidalgo County for
temporary restraining orders and a temporary
injunction seeking relief prohibiting Guerra &
Moore from misapplying monies in the amount of
$189,000 to which Cantu claimed he had a
contractual and equitable right.(4)


7/1/00 Respondent, Hidalgo County Judge Mancias,
entered an ex parte temporary restraining order
restraining Guerra & Moore from misapplying the
$189,000.


7/6/00 Guerra & Moore filed their motion to abate and
response to the petition for temporary restraining
orders and temporary injunction in Hidalgo
County, on the basis of dominant jurisdiction in
Starr County. Guerra & Moore also filed a motion
to dissolve the temporary restraining order of
7/1/00.


7/7/00 Respondent, Hidalgo County Judge Gonzalez,
denied Guerra & Moore's motion to abate, and
signed a second temporary restraining order again
restraining Guerra & Moore from misapplying the
$189,000 and setting the trial on the merits for
September 5, 2000.


7/14/00 Guerra & Moore filed their petition for writ of
mandamus and their first motion for emergency
temporary relief with this Court.


7/17/00 Cantu filed (1) an application for writ(s) of
attachment, and (2) an emergency motion to
withdraw funds from the registry of the court. 
The application and motion were presented ex
parte to respondent, Hidalgo County Judge
Mancias.


7/17/00 Respondent, Judge Mancias, entered the
following: (1) a writ of attachment ordering the
Starr County District Clerk to transfer $891,000
from that registry to the Hidalgo County District
Clerk; and (2) an order allowing Cantu to
withdraw $189,000 from the Hidalgo County
registry.


7/18/00 Guerra & Moore filed a supplemental motion for
emergency temporary relief from the writ of
attachment entered in Hidalgo County.(5)


7/18/00 This Court issued an order staying the July 17,
2000 writ of attachment, as well as all further
proceedings in the trial court in Hidalgo County
pending further orders of this Court.


7/26/00 Guerra & Moore filed a motion for leave to file and
supplemental petition for writ of mandamus,
seeking relief from the writ of attachment and the
order of withdrawal of funds issued in Hidalgo
County by respondent, Judge Mancias, on July
17, 2000. The motion was granted.


7/27/00 Cantu filed his response to Guerra & Moore's
motion for leave to file and supplemental petition
for writ of mandamus.


7/28/00 Cantu filed his response to Guerra & Moore's
petition for writ of mandamus.


 Mandamus will issue only to correct a clear abuse of discretion
when there is no adequate remedy by appeal. See Mitchell Energy Corp.
v. Ashworth, 943 S.W.2d 436, 437 (Tex. 1997); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when
it does not follow guiding rules and principles and reaches an arbitrary
and unreasonable decision. See Republic Royalty Co. v. Evins, 931
S.W.2d 338, 342 (Tex. App.--Corpus Christi 1996) (orig. proceeding);
Excel Corp. v. Valdez, 921 S.W.2d 444, 448 (Tex. App.--Corpus Christi
1996) (orig. proceeding); see also Walker, 827 S.W.2d at 839. When
one court directly interferes with the jurisdiction of another, mandamus
becomes appropriate. See In re McCall, 967 S.W.2d 934, 938-39 (Tex.
App.--Corpus Christi 1998) (orig. proceeding) (exception to general rule
that denial of motion to abate subsequently filed lawsuit pending
outcome of first filed lawsuit is not normally reviewable by mandamus
was applied where failure to abate resulted in two courts taking directly
conflicting positions); Republic Royalty, 931 S.W.2d at 341; Flores v.
Peschel, 927 S.W.2d 209, 211 (Tex. App.--Corpus Christi 1996) (orig.
proceeding).

 Guerra & Moore assert that mandamus relief is proper because
there are competing orders in this case. Cantu argues that an appeal,
not a mandamus, is the appropriate and adequate remedy in this case. 
He contends that because the Hidalgo County Court made an incidental
ruling, the denial of Guerra & Moore's plea in abatement, an appeal is
the proper vehicle for appellate review. See Abor v. Black, 695 S.W.2d
564, 657 (Tex. 1985). Although Cantu correctly sets out a general
proposition of law, we do not agree that this proposition applies under
the facts of this case.

 Cantu relies on the following cases to support his argument: Abor,
695 S.W.2d at 567; Niemeyer v. Tana Oil & Gas Corp., 952 S.W.2d 941,
945 (Tex. App.--Austin 1997, no writ); Coastal Oil & Gas Corp. v. Flores,
908 S.W.2d 517, 518-19 (Tex. App.--San Antonio 1995) (orig.
proceeding); Owens v. Moore, 778 S.W.2d 151, 152 (Tex. App.--Houston [1st Dist.] 1989) (orig. proceeding); and Dalho Corp. v. Casseb,
747 S.W.2d 512, 514 (Tex. App.--San Antonio 1988) (orig. proceeding).

 In Abor, the supreme court first determined that the denial of the
plea in abatement was an incidental ruling that could be remedied by
appeal. See Abor, 695 S.W.2d at 567. The court distinguished its
holding in Abor from its earlier decision in Curtis v. Gibbs, 511 S.W.2d
263 (Tex. 1974),(6) noting:

 The distinction in Curtis is that one of the courts had enjoined
the other court from proceeding. While the language of
Curtis could have been more precise, we decline to grant
mandamus relief here because there is no conflict of
jurisdiction. No injunction has been granted in this case nor
has any order which actively interferes with the exercise of
jurisdiction in the Harris County District Court.


Id. at 567. The Abor Court concluded there was no conflict of
jurisdiction under the facts of its case, and denied mandamus relief. See
id.

 In 1988, the San Antonio Fourth Court of Appeals, following Abor,
concluded that because the denial of a plea in abatement was an
incidental ruling and, because the aggrieved party had an adequate
remedy by appeal, denial of the application for writ of mandamus was
proper. See Dalho, 747 S.W.2d at 514. In Dalho, the court found its
case distinguishable from both Curtis and Abor. See id. at 513. 
However, because of the manner in which Abor limited Curtis, the court
believed that Abor controlled the disposition of the case. See id. The
court discussed conflict of jurisdiction as set out in Curtis, but did not
reference a conflict of jurisdiction under the facts of its case. See id. at
513-14.

 Later, in Coastal Oil, the San Antonio Court reluctantly followed
Abor by denying a petition for writ of mandamus filed in response to the
trial court's denial of a plea in abatement. See Coastal Oil, 908 S.W.2d
at 518. However, we conclude from our reading of the opinion that the
court denied mandamus relief, not only because it was an incidental
ruling that could be remedied on appeal, but also because there was no
conflict of jurisdiction. See id.

 The Houston Court of Appeals set out a similar analysis in Owens. 
See Owens, 778 S.W.2d at 152. The court explained that the record did
not reflect that the second court that denied the plea to the jurisdiction
had enjoined the first court in any way or had entered an order actively
interfering with the jurisdiction of that court. See id. Accordingly, the
First Court of Appeals denied Owens's motion for leave to file a petition
for writ of mandamus, concluding that Curtis was not controlling. The
court held that the order overruling the plea to the jurisdiction was an
incidental ruling; that Owens had not shown that an appeal was not an
adequate remedy; and that the First Court lacked jurisdiction to issue a
writ of mandamus. See id. at 153.

 Cantu also cites Niemeyer for the proposition that an appeal is an
adequate remedy when a plea in abatement is denied. However, the
proposition of law for which Niemeyer is cited is taken out of context. 
Niemeyer filed his first lawsuit in Fayette County. See Niemeyer, 952
S.W.2d at 942. Tana and TECO filed a second lawsuit in Nueces
County. Id. The Nueces County Court overruled Tana's and TECO's plea
in abatement. Id. at 943. In doing so the Nueces County Court relied on
one of the exceptions, that all necessary parties had not been joined in
the first filed proceeding, to the general rule that the first court retains
dominant jurisdiction. See id. Accordingly, the Nueces County Court in
which the second suit was filed, declared itself the court of dominant
jurisdiction. See id. This Court and the Texas Supreme Court denied
Niemeyer's motion for leave to file a petition for writ of mandamus. See
id. Niemeyer then filed an application for temporary injunction in the
Fayette Court, asking it to enjoin appellees Tana and TECO from
litigating their claim in Nueces County. See id. This application was
denied by the Fayette Court, and Niemeyer appealed that denial to the
Austin Court of Appeals. See id. at 942. The court of appeals was
asked to address the issue of dominant jurisdiction as part of its review
of the Fayette County Court's denial of appellant's application. See id.
at 943. The court of appeals concluded that appellant had an adequate
remedy by appeal from the denial of his temporary injunction, and had
not demonstrated irreparable harm. See id. at 943.

 Cantu also relies on Clawson v. Millard, 934 S.W.2d 899, 901 (Tex.
App.--Houston [1st Dist.] 1996) (orig. proceeding), for the proposition
that once a plea in abatement is ruled on, the court making the ruling
acquires dominant jurisdiction. However, the facts of this case are
distinguishable from the facts of the present case, and we conclude the
case is not supportive of Cantu's arguments.

 In Clawson, the wife filed for divorce in Harris County. See id. at
900. Four months later, her husband filed for divorce in Galveston
County. See id. Two pleas to the jurisdiction were filed, the husband's
in Harris County and the wife's in Galveston County. See id. In
response to the wife's plea in Galveston, the husband argued that an
exception to the general rule requiring mandatory abatement by the
second court applied in his case. See id. at 901. He claimed that his
wife was estopped from relying on the fact she filed first in Harris
County because she waited four and one-half months to have her
husband served, and by that time he had already filed for divorce in
Galveston and served his wife with citation. See id. Based on the
pleadings and the arguments, the Galveston Court denied the wife's plea
and ruled in favor of the husband, thereby assuming dominant
jurisdiction. See id. This order was not taken up for review. See id.

 Although the court of appeals was not called upon to review the
actions of the Galveston Court in assuming jurisdiction, it was called
upon to review the actions of the Harris County Court in proceeding with
its case. See id. In doing so, it reasoned that because the Galveston
Court ruling had not been reversed, vacated, or set aside, dominant
jurisdiction remained in the Galveston Court. See id. The court
concluded the Harris County Court abused its discretion by continuing
to issue conflicting orders after the Galveston Court overruled the wife's
plea in abatement, and declared any orders entered by the Harris County
Court from and after that date null and void. See id. The court of
appeals conditionally issued a writ of mandamus against the Harris
County Court and abated the wife's action pending final disposition of
the husband's action by the Galveston Court. See id. 

 The petition for writ of mandamus in Clawson challenged the
rulings of the Harris County Court where the first suit was filed. The
assumption of jurisdiction by the Galveston Court, the second court, was
not challenged. Dominant jurisdiction correctly remained in the
Galveston Court because its ruling regarding jurisdiction had not been
reversed, vacated, or set aside. In the present case, however, the
assumption of jurisdiction by the Hidalgo County Court, the second
court, is being challenged. Therefore, the proposition of law set out in
Clawson, that once a plea in abatement is ruled upon and goes
unchallenged, the court making the ruling acquires dominant
jurisdiction, does not apply in the present case.

 Having analyzed Cantu's above cited authorities, we conclude they
do not support his arguments. Rather, these authorities support Guerra
& Moore's assertion that the Hidalgo County Court's denial of the plea
in abatement is improper because the Hidalgo County Court actively
interfered with the rulings of the Starr County Court.

 The July 2000 orders and the writ of attachment issued by the
Hidalgo County Court purport to divest the Starr County Court of
jurisdiction over a case pending in the latter court. The Starr County
Court had already issued orders asserting jurisdiction and power over
the underlying question of attorneys fees. The Hidalgo County Court's
denial of Guerra & Moore's plea in abatement shows its own
assumption of authority to judge the propriety of the Starr County
Court's order in a lawsuit still pending in Starr County. While it is true
that "[q]uestions of dominant jurisdiction can generally be reviewed
adequately by appeal when both courts proceed with their separate
actions without attempting to hinder the other court's jurisdiction," see
McCall, 967 S.W.2d at 938 (citation omitted), in the present case, the
Hidalgo County Court attempted to interfere with the Starr County
Court's jurisdiction. Accordingly, we conclude that the orders and
rulings of the two courts present a sufficient jurisdictional conflict to
justify mandamus relief.

 Having concluded Guerra & Moore's petition for mandamus relief
is properly before this Court, we next consider whether Guerra &
Moore's intervention is properly before the Starr County Court. 

 Cantu represents to this Court that an oral pronouncement of
judgment had been rendered in Starr County prior to Guerra and
Moore's action being filed. Cantu claims that because final judgment
had been rendered, Guerra & Moore's intervention was untimely.

 A rendition of judgment is the pronouncement by the trial court of
its conclusions and decisions upon the matters submitted to it for
adjudication; such conclusions and decisions may be oral or written, and
judgment is rendered when the decision is officially announced either
orally in open court or by a memorandum filed with the clerk. See S &
A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1996). A motion
to intervene must generally be made before oral judgment is rendered. 
See Keim v. Anderson, 943 S.W.2d 938, 943 (Tex. App.--El Paso 1997,
no writ) (citing Gaines v. Baldwin, 629 S.W.2d 81, 82 (Tex. App.--Dallas
1981, no writ) (trial court did not err in denying maternal grandparents'
motions to intervene and for new trial as untimely since they were filed
six days after oral rendition official judgment awarding custody to father
of child)).(7)

 In support of his contention, Cantu directs us to his own testimony
provided at a hearing in Hidalgo County on his motion for a temporary
restraining order. However, the supplemental record reveals that at a
hearing in Starr County on September 15, 2000, Cantu testified he had
only speculated at the Hidalgo County hearing that a final oral order had
been entered.

 Other than Cantu's testimony, we find nothing in the record to
support his contention that an oral judgment was entered in Starr
County. The record does not contain a transcript of the hearing in Starr
County wherein the trial court purportedly rendered oral judgment in the
case. See Keim, 943 S.W.2d at 942 (citing S & A Restaurant, 892
S.W.2d at 858) (words used by trial court must clearly indicate intent to
render judgment at time words are expressed). Further, the record
reveals no final written judgment, and we cannot discern from the
record if the settlement was entered as a final judgment, either orally or
in written form.

 Cantu also argues that because a large settlement was reached
and the monies were placed in a settlement fund, it is obvious that a
final judgment was entered. However, approval of a settlement and
placement of those funds in a qualified settlement fund does not
necessarily constitute rendition of judgment. See S & A Restaurant, 892
S.W.2d at 857 (citations omitted).

 Based on the record before this Court, we have no basis to
conclude that a final judgment was rendered in Starr County. Therefore,
the trial court did not err in allowing Guerra & Moore's intervention in
the pending lawsuit.

 We next address Guerra & Moore's contention that the Hidalgo
County Court improperly ignored and disregarded the dominant
jurisdiction of the Starr County Court. Generally, "the court in which a
suit is first filed acquires dominant jurisdiction to the exclusion of other
coordinate courts." McCall, 967 S.W.2d at 936 (citing Wyatt v. Shaw
Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988); Curtis, 511 S.W.2d
267). Unless one of the following exceptions applies, the second court
must dismiss the subsequent suit involving the same parties and subject
matter upon the filing of a plea in abatement. See McCall, 967 S.W.2d
at 936 (citing Curtis, 511 S.W.2d at 276). The first court will not,
however, have dominant jurisdiction if is established that: (1) a party's
conduct estops him from asserting the first court's jurisdiction; (2)
necessary parties cannot be joined in the first suit, or the court lacks
power to bring the parties before it; or (3) the plaintiff in the first court
lacks the intent to prosecute the first lawsuit. See McCall, 967 S.W.2d
at 946 (citing Wyatt, 760 S.W.2d at 248). If the second court finds that
any of the three exceptions apply in a plea in abatement proceeding, it
may assume dominant jurisdiction. See Clawson, 934 S.W.2d at 901
(citations omitted).

 Cantu argues that the first exception to the general rule applies,
and jurisdiction is proper in Hidalgo County. He contends that Guerra
& Moore's conduct estops them from asserting the first court's
jurisdiction. He contends Guerra & Moore are guilty of misconduct,
having filed their petition in intervention in Starr County only after they
had obtained ex parte release of funds, without notice to Cantu. 
However, the authorities cited by Cantu do not support his contentions
including Russell v. Taylor, 49 S.W.2d 733, 737 (Tex. Comm'n App.
1932) (addressed first and third exception where relator filed petition in
one court with view of preventing corporation from filing suit against
him in another district court and issue existed as to whether intention
to prosecute suit was bona fide); Mitchell v. Allis-Chalmers Mfg. Co.,
283 S.W.2d 560, 561 (Tex. Comm'n App. 1927) (in reply to plea in
abatement, appellant argued that "but for the fraud and deceit, false
promises, and trickery of appellee practiced on appellant and its
attorney, with the specific intent and purpose to induce the appellant
and its attorney to delay filing this suit in order for appellee to obtain the
advantage of getting his suit filed at a date prior to the filing of this suit
by appellant," appellant would have filed its suit earlier); and Howell v.
Mauzy, 899 S.W.2d 690, 698 (Tex. App.--Austin 1994, writ denied)
(Howell filed suit in both Dallas and Travis Counties and was estopped
from asserting the pendency of the Dallas lawsuit as a basis for the
abatement of the Travis County suit as he had expressly represented in
his petition for writ that Travis County had obtained exclusive
jurisdiction of the cause of action).

 Further, "[e]stoppel is a fact issue that must be determined by the
trial court where the plea in abatement is filed." Clawson, 934 S.W.2d
at 901. We find nothing in the record that establishes the Hidalgo
County Court determined that by obtaining an ex parte release of funds,
without notice to Cantu, Guerra & Moore were estopped from asserting
jurisdiction in Starr County Court. Cantu does not cite us to record
references that support such a finding. See Tex. R. App. P. 38.1(h) (brief
must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record). Additionally,
the orders and petition for writ of mandamus deal only with the actions
of Guerra & Moore as they relate to their management of the funds at
issue, not as they relate to alleged fraudulent activities thwarting
Cantu's filing of a lawsuit. Further, Cantu does not claim that but for
Guerra & Moore actions, he would have filed his suit earlier or that
Guerra & Moore's actions kept him from filing his suit in Hidalgo County
prior to the filing of the intervention/interpleader action in Starr County. 
Interestingly, approximately one week after Guerra & Moore filed their
action in Starr County, Cantu filed a motion in Starr County seeking
release of funds allegedly due him for attorneys fees, costs and client
reimbursement. It was only after the Starr County Court released the
amounts due him for costs and client reimbursement, but not for
attorneys fees, that Cantu filed suit in Hidalgo County. We conclude that
the first exception to the general rule of dominant jurisdiction, the only
exception argued by Cantu, does not apply. We also conclude that it is
apparent from the record that the second and third exceptions do not
apply.

 Because Guerra & Moore filed their action first in Starr County, and
because none of the exceptions to dominant jurisdiction apply, Starr
County Court acquired dominant jurisdiction of this matter. Respondent
abused his discretion in failing to abate the subsequently-filed suit in
Hidalgo County, and in entering the July 2000 orders and the writ of
attachment.

 Accordingly, we conditionally grant the writ of mandamus,
ordering respondent to abate the underlying suit pending disposition of
the Starr County suit. Further, because we have concluded that Starr
County District Court is the court of dominant jurisdiction and that the
orders issued by the Hidalgo County Court actively interfere with the
exercise of that jurisdiction, we direct respondent to vacate the orders
dated July 7, 2000, and July 17, 2000, and the writ of attachment dated
July 17, 2000.(8) This writ will not issue unless respondent fails to
comply with the opinion of this Court. Our order of January 18, 2000,
granting an emergency stay of the Hidalgo County proceedings is now
moot and is, therefore, withdrawn.

 

 NELDA V. RODRIGUEZ

 Justice



Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 9th day of November, 2000.

1. Although the order is titled a temporary restraining order, Guerra
& Moore argue that it is a temporary injunction.
2. Mark Cantu, the real party in interest in this proceeding, filed a
lawsuit in the 93rd Judicial District Court in Hidalgo County. Judge
Mancias of that court signed an order on July 1, 2000, temporarily
restraining Guerra & Moore from misapplying and/or dissipating
settlement funds in a Starr County personal injury lawsuit. Cantu
claimed that a portion of the funds were his attorneys fees and costs,
based on agreements he had with relator Michael Moore. This order
expired on July 7, 2000. On that day, the Honorable Noe Gonzalez of
the 370th Judicial District Court signed a second temporary restraining
order that continued to restrain Guerra & Moore from use or transfer of
the funds, and denied abatement. Guerra & Moore complain of both
orders, thus, Judge Mancias and Judge Gonzalez, are both named as
respondents in this mandamus proceeding. However, Guerra & Moore
also complain of a subsequent order and a writ of attachment entered
by Judge Mancias. To avoid confusion, we will reference only one
respondent in this opinion, Judge Mancias, the presiding judge of the
93rd Judicial District Court in Hidalgo County.
3. It is this agreement or a series of agreements that form the basis
of the intervention/interpleader action filed by Guerra & Moore in Starr
County and the lawsuit filed by Cantu in Hidalgo County.
4. In Cantu's petition and the Hidalgo County Court's restraining
orders, Cantu and the court reference "Defendants Moore, Guerra, and
Guerra and Moore L.L.P., trust account #51046345 in the Texas State
Bank," as the location of the $189,000 about which he complains. All
other references in the record, however, establish that the $189,000 in
question was placed in the registry of the 229th Judicial District Court
in Starr County, not in Guerra & Moore's trust account.
5. Apparently, at the time emergency relief was sought, Guerra &
Moore were not aware of the second order signed by Judge Mancias
that allowed Cantu to withdraw the funds at issue.
6. In Curtis, the court held that if another court has dominant
jurisdiction, the trial judge has a clear duty to abate the proceedings and
doing otherwise is an abuse of discretion and reversible. See Curtis v.
Gibbs, 511 S.W.2d 263, 268 (Tex. 1974).
7. This rule has most often been applied when a petition in
intervention has been filed following the entry of a signed written
judgment. See Keim, 943 S.W.2d at 943. See e.g, Citizens State Bank
of Sealy, Texas v. Caney Inv., 746 S.W.2d 477, 478 (Tex. 1988) (where
petition in intervention was filed approximately one year after written
judgment, trial court erred in allowing intervention); First Alief Bank v.
White, 682 S.W.2d 251, 252 (Tex. 1984) (court lacked authority to
consider petition in intervention after court signed judgment because
had lost plenary power to modify judgment)); Comal County Rural High
School Dist. No. 705 v. Nelson, 314 S.W.2d 956, 957 (Tex. 1958)
(written order of dismissal became final and petition in intervention
could not be filed within following thirty days unless judge set aside
order); Central Mut. Ins. Co. v. Dunker, 799 S.W.2d 334, 336 (Tex.
App.--Houston [14th] Dist.] 1990, writ denied) (same). 
8. We note that the temporary restraining order dated July 1, 2000,
having expired by its own terms on July 7, 2000, is moot. Therefore,
we need not address it in this opinion.